IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY

| | |
|---|---|
| DAVID BOWMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. |
| TRADITIONAL LOGISTICS & CARATAGE, LLC | ) ) ) ) |
| and | ) ) |
| VALIANT MANAGEMENT & HOLDINGS, LLC | ) ) ) ) |
| Defendants. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff David Bowman ("Plaintiff"), for his Complaint against Defendants Traditional Logistics & Cartage, LLC and Valiant Management & Holdings, LLC (collectively referred to herein as "Defendants"), as a result of Defendants' unlawful employment practices, alleges and states as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331, 1337, 1343(a)(4) and 1367(a), as well as 42 U.S.C. § 2000e-5(f).

2. The Court has jurisdiction over Defendants because the unlawful employment practices alleged in this Complaint were committed in Clay County, Missouri, which lies within the Western District of Missouri. In addition, Defendants have minimum contacts with the Western District of Missouri and the State of Missouri.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and Local Civil Rule 3.2 of the U.S. District Court for the Western District of Missouri because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, Plaintiff resides in Jackson County, Missouri, and Plaintiff's claim for relief arose in Clay County, Missouri, which lies within the Western District of Missouri.

**Parties**

4. Plaintiff is a male citizen of the United States, residing in Jackson County, Missouri.

5. Defendant Traditional Logistics & Cartage, LLC ("Traditional") is a limited liability company formed under the laws of the State of Kentucky.

6. At all relevant times, Defendant Traditional has been authorized to conduct business in the State of Missouri and has conducted business in the State of Missouri.

7. At all relevant times, Defendant Traditional has conducted and/or maintained a place of business located at 12801 NE 41st Street, Kansas City, Clay County, Missouri.

8. Defendant Traditional is an "employer" within the meaning of the Americans With Disabilities Act, as amended, 42 U.S.C. § 12101 et seq. ("ADA") and the Missouri Human Rights Act, R.S.Mo. § 213.010(7) ("MHRA").

9. Defendant Valiant Management & Holdings. LLC ("Valiant") is a limited liability company formed under the laws of the State of Kentucky.

10. At all relevant times, Defendant Valiant has conducted business in the State of Missouri.

11. At all relevant times, Defendant Valiant has conducted and/or maintained and/or managed a place of business located at 12801 NE 41st Street, Kansas City, Clay County, Missouri.

12. Defendant Valiant is an "employer" within the meaning of the ADA, 42 U.S.C. § 12101 et seq. and the MHRA, R.S.Mo. § 213.010(7).

13. Upon information and belief, Defendants, although nominally separate entities, are actually part of a single integrated enterprise so that, for all purposes, there is in fact only a single employer. In other words, Defendants are not what they appear to be, but in truth are simply divisions or departments of a single enterprise.

14. Upon information and belief, Defendants have chosen to handle jointly important aspects of their employer-employee relationships, and are therefore the joint employers of each of their employees, including, but not limited to, as reflected by the facts that Plaintiff received a W-2 from Defendant Traditional, but decisions concerning his employment and the termination of his employment were directed by persons who were and/or represented themselves to be employees of Defendant Valiant, that Defendants each appear to maintain their corporate headquarters at the same physical office location at 122 Citizens Blvd in Simpsonville, Kentucky, and that Defendants appear to maintain interrelated websites, including with respect to employee recruiting and human resources functions.

15. Upon information and belief, Defendants maintain a substantial interrelation of operations, including, but not limited to, as reflected by the facts that Plaintiff received a W-2 from Defendant Traditional, but decisions concerning his employment and the termination of his employment were directed by persons who were and/or represented themselves to be employees of Defendant Valiant, that Defendants each appear to maintain their corporate headquarters at the same physical office location at 122 Citizens Blvd. in Simpsonville, Kentucky, and that Defendants appear to maintain interrelated websites, including with respect to employee recruiting and human resources functions.

16. Upon information and belief, Defendants maintain common management between themselves, including, but not limited to, as reflected by the facts that Plaintiff received a W-2 from Defendant Traditional, but decisions concerning his employment and the termination of his employment were directed by persons who were and/or represented themselves to be employees of Defendant Valiant, that Defendants each appear to maintain their corporate headquarters at the same physical office location at 122 Citizens Blvd. in Simpsonville, Kentucky, and that Defendants appear to maintain interrelated websites, including with respect to employee recruiting and human resources functions.

17. Upon information and belief, Defendants have centralized control of labor relations between themselves, including, but not limited to, as reflected by the facts that Plaintiff received a W-2 from Defendant Traditional, but decisions concerning his employment and the termination of his employment were directed by persons who were and/or represented themselves to be employees of Defendant Valiant, that Defendants each appear to maintain their corporate headquarters at the same physical office location at 122 Citizens Blvd. in Simpsonville, Kentucky, and that Defendants appear to maintain interrelated websites, including with respect to employee recruiting and human resources functions.

18. Upon information and belief, Defendants have common ownership and/or financial control.

19. At all relevant times, Defendants jointly conducted and/or maintained a place of business located at 12801 NE 41st Street, Kansas City, Clay County, Missouri.

20. Defendant Traditional employed Plaintiff from approximately May 2015 until approximately June 29, 2016.

21. Defendant Valiant employed Plaintiff from approximately May 2015 until approximately June 29, 2016.

22. Defendants jointly and/or collectively employed Plaintiff from approximately May 2015 until approximately June 29, 2016.

23. Defendant Traditional employed Plaintiff at 12801 NE 41st Street, Kansas City, Clay County, Missouri from approximately May 2015 until approximately June 29, 2016.

24. Defendant Valiant employed Plaintiff at 12801 NE 41st Street, Kansas City, Clay County, Missouri from approximately May 2015 until approximately June 29, 2016.

25. Defendants jointly and/or collectively employed Plaintiff at 12801 NE 41st Street, Kansas City, Clay County, Missouri from approximately May 2015 until approximately June 29, 2016.

26. Defendant Traditional currently employs, and during all relevant time has employed, 501 or more persons.

27. Defendant Valiant currently employs, and during all relevant time has employed, 201 or more persons.

28. Upon information and belief, Defendants currently jointly and/or collectively employ, and during all relevant times have jointly and/or collectively employed, 501 or more persons.

**Exhaustion of Administrative Remedies**

29. On or about July 27, 2016, Plaintiff timely filed with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") a charge of discrimination against Defendants on the basis of disability and retaliation (attached as Exhibit A and incorporated herein by reference).

30. On or about March 10, 2017, the EEOC issued to Plaintiff his Notices of Right to Sue (attached as Exhibit B and incorporated herein by reference), and this lawsuit was filed within 90 days of the EEOC issuing the Notices of Right to Sue.

31. On or about March 20, 2017, the MCHR issued to Plaintiff his Notices of Right to Sue (attached as Exhibit C and incorporated herein by reference), and this lawsuit was filed within 90 days of the EEOC issuing the Notices of Right to Sue.

32. The aforesaid charge of discrimination provided the EEOC and/or the MCHR sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of an EEOC and/or MCHR investigation that could reasonably be expected to have grown out of the charge of discrimination.

33. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

## COUNT I
**(Violation under the MHRA - Retaliation)**

34. Paragraphs 1 through 33 above are incorporated as if fully set forth herein by reference.

35. Plaintiff satisfactorily performed his job duties during his employment with Defendants, and Plaintiff's job performance was sufficient to warrant continued employment.

36. Prior to his employment with Defendants, Plaintiff had both of his knees surgically replaced, and Plaintiff has continued to experience pain in his knees, including during his employment with Defendants.

37. The condition of Plaintiff's knees is permanent and is a physical impairment that substantially limits his major life activities, including, but not limited to, walking, standing and bending, within the meaning of the ADA.

38. Because of the condition of Plaintiff's knees, his important life activities, including, but not limited to, walking, standing and bending, are restricted as to the conditions, manner or duration under which they can be performed in comparison to most people.

39. Plaintiff also has problems with his ability to hear clearly, and had such problems during his employment with Defendants.

40. From the beginning of Plaintiff's employment with Defendants until approximately May 20, 2016, Defendants also employed Thomas Schnatz ("Schnatz").

41. Schnatz had immediate or successively higher supervisory authority over Plaintiff during his employment Defendants.

42. Schantz knew of Plaintiff's above-described physical conditions and/or perceived or regarded Plaintiff as having an impairment and/or a disability.

43. During the course of Plaintiff's employment with Defendants, Schnatz subjected Plaintiff to severe and unwelcome offensive conduct directed at Plaintiff's physical conditions and/or perceived impairment and/or disability, including, for example, but not limited to, commenting that there was an elevator for crippled motherfuckers like Plaintiff, calling Plaintiff a deaf motherfucker, mocking Plaintiff by mimicking sign language and sounds made by some deaf people when communicating, regularly treating Plaintiff in a demeaning and hostile manner, and advising Plaintiff that he had the power to terminate his employment.

44. During the course of Plaintiff's employment with Defendants, Schnatz also offensively referred to Hispanics as "wetbacks," and Plaintiff also learned that Schnatz referred to African-Americans as "niggers."

45. Plaintiff opposed and objected to Schnatz's above set-forth offensive, discriminatory conduct and complained in good faith to Defendants' management, including, but not limited to, Mary Hockenbury, Kim Edgar and Scott Davenport, about that conduct.

46. In connection with opposing and objecting to Schnatz's discriminatory conduct, Plaintiff also advised Defendant's management that he had contacted the EEOC about that conduct and his legal rights.

47. After Plaintiff opposed and objected to Schnatz's discriminatory conduct, Defendants retaliated against him for exercising his statutorily protected rights by adversely altering the terms and conditions of his employment, including, but not limited to, subjecting him to unfair disciplinary notices and scrutiny and, ultimately, terminating his employment on approximately June 29, 2016.

48. Plaintiff's opposition and objection to Schnatz's discriminatory conduct was a contributing factor in Defendants' decisions to adversely alter the terms and conditions of his employment. Defendants therefore violated the MHRA, R.S. Mo. § 213.070.2.

49. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

50. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered emotional distress and mental anguish, pain and suffering, and related compensatory damages.

51. Defendants failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including retaliation.

52. Defendants failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA and the ADA.

53. As shown by the foregoing, Defendants' conduct was willful, wanton and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants or to deter them and other employers from like conduct in the future.

54. Plaintiff is entitled to recover from Defendants reasonable attorneys' fees, as provided in R.S. Mo. § 213.111.2.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendants for such damages, actual, nominal and punitive, as are fair and reasonable, for his reasonable attorneys' fees and costs incurred herein, for interest as allowed by law, and for such other and further legal and equitable relief as the Court deems proper.

## COUNT II
**(Violation under the ADA - Retaliation)**

55. Paragraphs 1 through 54 above are incorporated as if fully set forth herein by reference.

56. As set forth herein, Defendants retaliated against Plaintiff for exercising his statutorily protected rights to oppose and object to discriminatory conduct by adversely altering the terms and conditions of his employment, including, but not limited to, subjecting him to unfair disciplinary notices and scrutiny and, ultimately, terminating his employment on approximately June 29, 2016.

57. Plaintiff's opposition and objection to Schnatz's discriminatory conduct was a motivating and/or contributing factor in Defendants' decisions to adversely alter the terms and conditions of his employment. Defendants therefore violated the ADA, 42 U.S.C. § 12203.

58. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered the damages set forth above.

59. As shown by the foregoing, and as set forth above, Defendants' conduct was willful, wanton and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants or to deter them and other employers from like conduct in the future.

60. Plaintiff is entitled to recover from Defendants reasonable attorneys' fees, as provided by the ADA, 42 U.S.C. § 12117, incorporating Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendants for such damages, actual, nominal and punitive, as are fair and reasonable, for his reasonable attorneys' fees and costs incurred herein, for interest as allowed by law, and for such other and further legal and equitable relief as the Court deems proper.

### COUNT III
**(Violation under the ADA – Disability Discrimination – Termination – Hostile Environment)**

61. Paragraphs 1 through 60 above are incorporated as if fully set forth herein by reference.

62. As set forth above, Plaintiff satisfactorily performed his job duties during his employment with Defendants, and Plaintiff's job performance was sufficient to warrant continued employment.

10

Case 4:17-cv-00395-GAF   Document 1   Filed 05/18/17   Page 10 of 14

63. Plaintiff was able to perform the essential functions of his employment with Defendants with or without reasonable accommodations.

64. As set forth above, prior to his employment with Defendants, Plaintiff had both of his knees surgically replaced, and Plaintiff has continued to experience pain in his knees, including during his employment with Defendants.

65. As set forth above, the condition of Plaintiff's knees is permanent and is a physical impairment that substantially limits his major life activities, including, but not limited to, walking, standing and bending, within the meaning of the ADA.

66. As set forth above, because of the condition of Plaintiff's knees, his important life activities, including, but not limited to, walking, standing and bending, are restricted as to the conditions, manner or duration under which they can be performed in comparison to most people.

67. As set forth above, Plaintiff also has problems with his ability to hear clearly, and had such problems during his employment with Defendants.

68. Defendants' management knew of Plaintiff's above-described physical conditions and/or perceived or regarded Plaintiff as having an impairment and/or a disability.

69. Defendants terminated Plaintiff's employment on or about June 29, 2016.

70. Plaintiff's physical conditions and/or disability and/or Defendants' belief(s) and/or perceptions regarding Plaintiff's physical conditions and/or disability were a motivating and/or contributing factor in Defendants' decision to terminate Plaintiff's employment. Accordingly, Plaintiff suffered intentional discrimination at the hands of Defendants and Defendants' agents, based on disability, in violation of the ADA.

71. The offensive conduct which Schnatz directed at Plaintiff's physical conditions and/or perceived impairment and/or disability, as set forth above, was unwelcome to Plaintiff and she opposed and objected to that conduct. Nonetheless, that type of conduct continued

72. The offensive conduct which Schnatz directed at Plaintiff's physical conditions and/or perceived impairment and/or disability, as set forth above, was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

73. At the time Schantz's offensive conduct, as set forth above, occurred, and as a result of that conduct, Plaintiff believed his work environment to be hostile and abusive, and the conduct adversely affected the terms, conditions and/or privileges of Plaintiff's employment with Defendants in that, but not limited to, Plaintiff had the right to work in an environment free from discriminatory harassment, ridicule and insult.

74. Defendants knew or should have known of Schnatz's offensive conduct, as set forth above, and Plaintiff complained to Defendants' management about that conduct, but Defendants failed to take prompt and appropriate corrective action to end the harassment of and/or discrimination against Plaintiff.

75. Defendants failed to exercise reasonable care to prevent and correct promptly the harassing and discriminatory conduct to which Plaintiff was subjected.

76. By failing to take prompt and effective remedial action, Defendants in effect condoned, ratified and/or authorized the harassment of and discrimination against Plaintiff.

77. Accordingly, as shown by the foregoing, Plaintiff suffered intentional discrimination and a hostile working environment at the hands of Defendants and Defendants' agents, based on disability, in violation of the ADA.

78. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered the damages set forth above.

79. As shown by the foregoing, and as set forth above, Defendants' conduct was willful, wanton and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants or to deter them and other employers from like conduct in the future.

80. Plaintiff is entitled to recover from Defendants reasonable attorneys' fees, as provided by the ADA, 42 U.S.C. § 12117, incorporating Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendants for such damages, actual, nominal and punitive, as are fair and reasonable, for his reasonable attorneys' fees and costs incurred herein, for interest as allowed by law, and for such other and further legal and equitable relief as the Court deems proper.

### COUNT IV
### (Violation under the Missouri Human Rights Act – Disability Discrimination – Termination – Hostile Work Environment)

81. Paragraphs 1 through 80 above are incorporated as if fully set forth herein.

82. As set forth above, Plaintiff's physical conditions and/or disability and/or Defendants' belief(s) and/or perceptions regarding Plaintiff's physical conditions and/or disability were a contributing factor in Defendants' decisions to allow a hostile working environment and terminate Plaintiff's employment. Accordingly, Plaintiff suffered intentional discrimination at the hands of Defendants and Defendants' agents, based on disability, in violation of the MHRA.

83. As set forth by the allegations above, Plaintiff suffered intentional discrimination and a hostile working environment at the hands of Defendants and Defendants' agents, based on disability, in violation of the MHRA, R.S. Mo. § 213.055.

84. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered the damages set forth above.

85. As shown by the foregoing, and as set forth above, Defendants' conduct was willful, wanton and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants or to deter them and other employers from like conduct in the future.

86. Plaintiff is entitled to recover from defendants reasonable attorneys' fees, as provided in R.S. Mo. § 213.111.2

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against defendants for such damages, actual, nominal and punitive, as are fair and reasonable, for his reasonable attorneys' fees and costs incurred herein, for interest as allowed by law, and for such other and further legal and equitable relief as the Court deems proper.

## **Demand for Jury Trial**

Plaintiff hereby requests a trial by jury on all counts and allegations of wrongful conduct alleged in this Complaint in the U.S. District Court for the Western District of Missouri at Kansas City.

Respectfully submitted,

**DAVIS GEORGE MOOK LLC**

By  /s/ *Brett A. Davis*
  Brett A. Davis - #43299
1600 Genessee, Suite 328
Kansas City, Missouri 64102
Telephone:  816/569-2629
Facsimile:  816/447-3939
Davis E-mail: brett@dgmlawyers.com

**Attorneys for Plaintiff**